UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


| | |
|---|---|
| ANDREW ZIMMERMANN and KELLY ZIMMERMANN, as Class Representatives for the certified ZIMMERMANN ACTION CLASSES,<br>     Plaintiffs<br><br>        v.<br><br>Epstein Becker and Green, P.C.; Sheppard, Mullin, Richter & Hampton, L.L.P.; Paul M. Kaplan; Brian J. Davis, P.C.; Brian J. Davis, Esq., P.C.; Brian J. Davis, Esq.; Spence & Davis, L.L.P.; Douglas D. Viviani, P.C.; Douglas D. Viviani, Esq.,<br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. NO. 09-cv-30194-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |


MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS TO DISMISS
(Dkt. Nos. 29, 36, 38, & 43)

July 8, 2010

PONSOR, D.J.

I. INTRODUCTION.

On November 10, 2009, Plaintiffs, individually and as putative class representatives, filed this complaint, purporting to enforce a constructive trust ordered in a separate class action, Zimmermann v. Cambridge Credit Counseling Corp., Civil Action No. 03-30261, and seeking class-based damages under the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679 et seq.  The case now comes

before this court on Defendants' motions to dismiss (Dkt.
Nos. 29, 36, 38, 43).  Because the requirements of Fed. R.
Civ. P. 23 have not been, nor could be, satisfied to permit
prosecution of this case as a class action, and because
Plaintiff cannot pursue this case as individuals, the
motions will be allowed.

## II. <u>FACTS</u>.

In 2003, Plaintiffs Andrew and Kelly Zimmermann filed a
complaint under the Credit Repair Organizations Act, 15
U.S.C. § 1969 ("CROA"), against a number of defendants, none
of whom is a Defendant in this case.  <u>Zimmermann v.
Cambridge Credit Counseling Corp.</u>, Civil Action No.
03-cv-30261 (the "CCCC Action").  Classes were certified on
December 6, 2007 (the CCCC Action, Dkt. No. 231), and
Plaintiffs ultimately obtained summary judgment against some
defendants.  Ultimately, this court awarded very substantial
damages in the CCCC Action litigation and imposed a
constructive trust (the "Constructive Trust") against the
assets of defendants John and Richard Puccio in that case.
(The CCCC Action, Dkt. No. 420 at 5.)

On November 10, 2009, Plaintiffs Andrew and Kelly
Zimmermann -- purportedly on behalf of the classes certified
in the earlier CCCC Action, but without any effort at
compliance with Rule 23 -- filed this lawsuit against

-2-

various lawyers and law firms that allegedly provided legal services to the Puccios and entities associated with them in the CCCC Action.  Defendants are Brian J. Davis, P.C.; Brian J. Davis, Esq., P.C.; Brian J. Davis, Esq.; Spence & Davis, L.L.P.; Douglas D. Viviani, P.C.; and Douglas D. Viviani, Esq. (the "Davis-Viviani Defendants"); Defendant Epstein Becker and Green, P.C. ("Defendant EBG"); Defendant Paul M. Kaplan, Esq.("Defendant Kaplan"); and Defendant Sheppard, Mullin, Richter & Hampton, L.L.P. ("Defendant Sheppard Mullin").

The heading of the complaint identifies Plaintiffs as "Andrew Zimmermann and Kelly Zimmermann, as class representatives for the certified [CCCC Action] Classes." The body of the complaint identifies Plaintiffs as "the named plaintiffs, certified class representatives and members of the classes certified by this Court in the [CCCC Action]."  (Dkt. No. 1, Compl. ¶ 14.)  In their Omnibus Opposition to Defendants' Motion to Dismiss, Plaintiffs identify themselves as "certified class representatives for the certified classes."  (Dkt. No. 46-4 at 49 n.23.)  The court understands Plaintiffs to be Andrew and Kelly Zimmermann, suing individually and on behalf of the CCCC

-3-

Action class.[1]

The complaint alleges that each Defendant received monies, largely if not entirely as compensation for professional services rendered, from the Puccios and other defendants in the CCCC Action, and that these payments are subject to the Constructive Trust entered in the earlier case.  Plaintiffs now seek to recover these funds for the Trust.

The complaint also charges that the Davis-Viviani Defendants, Defendant EBG, and Defendant Kaplan violated the CROA.  Defendants EBG and Kaplan allegedly violated the CROA by advising the CCCC Action defendants "in making statements in their advertising promising credit repair in violation of the CROA." (Dkt. No. 1, Compl. ¶ 78.)  The Davis-Viviani Defendants allegedly violated the CROA "for each of the same reasons set forth in this Court's [CCCC Action] summary judgment decision and order."  (Dkt. No. 1, Compl. ¶ 61, referring to Zimmermann v. Cambridge Credit Counseling Corp., 529 F. Supp. 2d 254 (D. Mass. 2008)).  The complaint further alleges that "each member of [the CCCC Action class] has been injured as a result of [Defendant] EBG and/or

---

[1]  Out of an abundance of caution, the court has assumed, as Defendants have, that Plaintiffs are suing both as individuals and as class representatives.  The complaint itself is ambiguous.

[Defendant] Kaplan's violations of CROA," and that certain unspecified members of the CCCC Action class were clients of the Davis-Viviani Defendants and were injured as a result of the Davis-Viviani Defendants' CROA violations.  (Dkt. No. 1, Compl. ¶¶ 69, 72, and 87.)

Plaintiffs seek restitution for the alleged CROA violations "in an amount equal to the total amount of fees paid by members of the certified [CCCC Action] Classes to the [CCCC Action] defendants" for all years of the certified class period during which Defendants were subject to CROA or were providing services to the CCCC Action defendants. (Dkt. No. 1, Compl. ¶¶ 75 and 89.)

As noted, all Defendants have filed motions to dismiss all counts in the complaint.  (<u>See</u>, Dkt. Nos. 29, 36, 38, and 43.)  The court heard oral argument on the four motions on June 7, 2010, and took the case under advisement. Plaintiffs filed a Notice of Supplemental Authorities on June 14, 2010, to which Defendant EBG and the Davis-Viviani Defendants responded on June 15 and 16, respectively.

III. <u>DISCUSSION</u>.

Defendants argue (1) that the CCCC Action class lacks standing to prosecute this case because it has not been certified in this action and (2) that the individual Plaintiffs, Andrew and Kelly Zimmermann, have no cognizable

-5-

claims as individuals.[2]  The discussion below will begin
with the class claims and move to the claims (if any) being
brought by the Zimmermanns individually.

A.   Claims by the CCCC Action Class.

     The analysis of the motions to dismiss must begin with
bedrock principle.

> Fairness and due process concerns make litigation
> by and against named parties the normal rule and
> litigation by or against a class the exception to
> the normal rule.  Rule 23 attempts to balance
> judicial efficiency of litigation by or against
> classes against fairness and due process concerns,
> and does so by providing procedures and safeguards
> designed to ensure fair and adequate protection of
> the interests of absentee class members.

5 Moore's Federal Practice - Civil § 23.02 (3d Ed. 2010).

     Because of the unusual nature of class actions, and the
risks they pose to plaintiffs and defendants alike,
prosecution of a class action demands strict compliance with
Rule 23.  Courts have been accordingly quick to protect
defendants who confront class claims without an opportunity
to challenge certification.  See, e.g., In re American
Medical Sys., 75 F.3d 1069, 1086 (6th Cir. 1996).  At a
minimum, a plaintiff seeking to bring a class claim must

---

     [2]  Defendants offer many other arguments in support of
their motions to dismiss, but the infirmities discussed in
this memorandum are so glaring that it is not necessary to
discuss other rationales for dismissal, however strong these
may be.

demonstrate that the Rule 23(a) requirements are satisfied; plaintiffs must show (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy.  Under Rule 23(b), plaintiffs must also show that (1) prosecuting separate actions would create the risk of inconsistent adjudications, (2) the party opposing the class acted or refused to act on grounds that apply generally to the class, making injunctive or declaratory relief appropriate to the class as a whole; or (3) common questions of law or fact predominate.

In this case, although Plaintiffs seek class-based relief, they have failed even to allege that they satisfy the Rule 23 requirements, let alone demonstrate that they can.  Instead, they argue that the class certification proceedings of the separate, prior CCCC Action, involving entirely different defendants, were sufficient to satisfy the Rule 23 requirements for this subsequent proceeding.  No authority supports this disturbing notion.  Plaintiffs cite no precedent, and this court is aware of none, holding that the certification in one proceeding may migrate to satisfy the Rule 23 requirements in a different proceeding against different defendants.

Plaintiffs analogize this case to In re Trebol Motors Distrib. Corp., 220 B.R. 500, 502 (B.A.P. 1st Cir. 1998), in which the First Circuit ruled that a previously certified

-7-

class might file a proof of claim in an adversarial
bankruptcy proceeding.  However, in that case the parties to
both actions were identical.  By permitting the previously
certified class to pursue a particular defendant into
bankruptcy court without going through the certification
process, the First Circuit merely prevented that defendant
from re-litigating identical questions in two separate
forums.  This rationale does not exist in this case, where
these Defendants were not parties to the original class
certification proceedings.  <u>Trebol</u> provides no authority for
bypassing the otherwise applicable requirements of Rule 23.

Plaintiffs further argue that a certified class is
analogous to a corporation -- <u>i.e.</u>, that it has its own
independent legal existence and may sue in federal court in
its own right.  For this proposition, Plaintiffs cite <u>Sosna
v. Iowa</u>, 419 U.S. 393 (1975), and <u>Enron Corp. Savings Plan
and the Administrative Committee of Enron Corp. Savings Plan
v. Hewitt Associates L.L.C.</u>, 07-cv-04081, 2008 U.S. Dist.
LEXIS 68578 (S.D. Tex., August 28, 2008).  Neither of these
cases support Plaintiffs' argument.

 <u>Enron</u> involved a suit by an ERISA Plan and the Plan's
Administrative Committee, not by a previously certified
class.  It is therefore not applicable.  <u>Sosna</u> involved a
challenge to Iowa's one-year state residency requirement for

-8-

entry of divorce petitions.  The <u>Sosna</u> Court held that the named plaintiff's challenge did not become moot when she ultimately met the residency requirement because the separate legal status of the class kept the residency issue alive.  <u>Sosna</u>, 516 U.S. at 399.  However, nothing in <u>Sosna</u> would suggest that the certification of a class in one case gives birth to a corporation-like independent entity with the roving right to sue other defendants without giving those defendants any of the safeguards inherent in Rule 23.

Finally, Plaintiffs argue that, despite its superficial appearance, this case is not truly an independent lawsuit but merely an enforcement action.  It is correct that, in the context of an enforcement action, a court may in certain circumstances exercise ancillary jurisdiction over non-parties.  <u>See, e.g.</u>, <u>U.S.I. Props. Corp. v. MD Constr. Co.</u>, 230 F.3d 489, 497 (1st Cir. 2000) ("Federal courts have expressly recognized their ability to exercise jurisdiction over new parties in supplemental proceedings where the proceedings concerned property under the control of the federal courts due to an existing judgment.")  Plaintiffs here argue that the Plaintiff class obtained an order in its favor establishing the constructive trust, that the court therefore has jurisdiction to enforce this order, and that enforcement jurisdiction permits the class to bring a

separate claim against these Defendants to obtain damages
pursuant to this order.  The argument is unpersuasive for
several reasons.

First, The potential for ancillary jurisdiction over
these Defendants (even assuming it exists) does not excuse
Plaintiffs from compliance with the Rule 23 requirements.
The fact that the conditions set forth in Rule 23(a) and (b)
were satisfied in a previous case does not by any means
establish that they have been, or even that they could be,
satisfied in this case.

Second, even leaving aside the problems under Rule 23,
ancillary enforcement jurisdiction does not extend to cases
that "raise an independent controversy with a new party" or
to "an action based on new grounds."  Id. 230 F.3d at
497-98.  In their CROA claims (Counts 2 and 3), Plaintiffs
allege independent acts of wrongdoing by third parties.  To
succeed on these counts, Plaintiffs would have to make new
factual showings that the particular Defendants violated the
CROA.  The claims therefore have an independent factual
basis and lie outside the scope of ancillary enforcement
jurisdiction.

Finally, with respect to the constructive trust claim
(Count 1), the court notes that ancillary jurisdiction is a
"judicial creation" that exists "to enable a court to

-10-

function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id., 230 F.3d at 496 (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 380 (1994)).  In this case, a Receiver has been appointed to enforce the constructive trust and to defend the rights of the CCCC Action class as a creditor. Permitting the certified class to bring actions against non-parties in the name of enforcement jurisdiction would extend the reach of the certification order beyond what is necessary to enforce the court's order of constructive trust.  The analogy of ancillary jurisdiction weighs against, not in favor of, Plaintiffs.

In the end, this complaint rests on an unprecedented and rather startling premise: that a class certified in one action may on its own institute an independent lawsuit against different parties, never provide these new parties any opportunity to challenge the propriety of the class action mechanism, and expose these new defendants to the risk of a massive class-based damage award.  Moreover, plaintiff class members, as well as Defendants, face possible prejudice, since they have no opportunity to opt out of a class remedy if they prefer to pursue their own independent claims.  The potential abuse of the class action tool if Plaintiffs' theory were approved is prodigious.  It

simply cannot be permitted.

B.   Claims by Individual Plaintiffs Andrew and Kelly
     Zimmermann

With respect to Count 1, individual Plaintiffs Andrew
and Kelly Zimmermann lack the authority to enforce the order
of constructive trust.  The order entered on behalf of the
entire class, and a Receiver was appointed to defend the
class's rights as a creditor.  Individual Plaintiffs in the
CCCC Action have no standing to enforce the order.  The
court will therefore dismiss Count 1.

With respect to Counts 2 and 3, the complaint fails to
satisfy the requirements of Rule 8(a)(2).  "The pleading
standard Rule 8 announces does not require 'detailed factual
allegations,' but it demands more than an unadorned,
the-defendant-unlawfully-harmed-me accusation. . . .  A
pleading that offers 'labels and conclusions' or 'a
formulaic recitation of the elements of a cause of action
will not do.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949
(U.S. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550
U.S. 544 (2007)).  The complaint does not even allege that
either Plaintiff was a client of the Davis-Viviani
Defendants; the allegations against Defendants EBG and
Kaplan are cursory statements to the effect that Plaintiffs
suffered damage because Defendants violated the CROA.
Without some supporting facts regarding the nature of

-12-

Plaintiffs' individual harm and its relationship to the specific Defendants' CROA violations, the court must dismiss Counts 2 and 3.

## IV. <u>CONCLUSION</u>.

For the reasons stated above, the Motions to Dismiss (Dkt. Nos. 29, 36, 38, & 43) are hereby ALLOWED.  The clerk will enter judgment for Defendants.  This case may now be closed.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u>
MICHAEL A. PONSOR
U. S. District Judge